IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER DEWAYNE JAMES, § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director TDCJ-CID § <br> Respondent. § | No. 3:17-CV-2959-K-BT |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Christopher Dewayne James, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be denied.

I.

In 2016, Petitioner pleaded guilty to aggravated robbery and was sentenced to eight years imprisonment. *State of Texas v. Christopher Dewayne James*, No. F-1576759-U (291st Dist. Ct., Dallas County, Tex., December 19, 2016). (ECF No. 16-2 at 12). He did not file an appeal. (ECF No. 3 at 3). Thereafter, Petitioner filed a state habeas petition, *Ex parte James*, No. 87,347-01, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court without a hearing. (ECF No. 16-1).

Petitioner then filed the instant § 2254 petition, in which he argues:

1

    (1)    The State failed to explain why his judgment and plea agreement state the sentence "shall run concurrent."

    (2)    His trial counsel provided ineffective assistance at trial by:

        a.    incorrectly advising Petitioner that he would be returned to federal custody after the state proceedings;

        b.    failing to adequately investigate whether Petitioner's state and federal sentences would be served concurrently;

        c.    incorrectly advising Petitioner that his state and federal sentences would be served concurrently.

II.

**1.    Exhaustion Requirement**

Petitioner's claims that the State failed to explain why the judgment and plea agreement state his sentence "shall run concurrent" and that his counsel incorrectly advised him that he would be returned to federal custody after the state proceedings (claims 1 and 2(a)) are unexhausted and procedurally-barred.

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013). A Texas prisoner may satisfy this requirement by presenting both the factual and legal substance of his claims to the Court of Criminal Appeals in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause and prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Petitioner did not appeal his conviction, nor did he present in his state habeas application his claims that the State failed to explain why the judgment and plea agreement state his sentence "shall run concurrent" and that his counsel incorrectly advised him that he would be returned to federal custody after the state proceedings. *See* ECF No. 16-2 at 16-33. He therefore failed to exhaust these claims.

Further because these claims are not substantially equivalent to any claim presented to the Court of Criminal Appeals, they do not meet the "fairly presented" requirement and are not properly exhausted. *See Whitehead*, 157 F.3d at 387. Petitioner's failure to exhaust state court remedies constitutes a procedural default that bars this Court from considering the claims. *Morris v. Drekte*, 413 F.3d 484, 491-92 (5th Cir. 2005); *Ries*, 522 F.3d at 523-24.

Petitioner does not address the issue of exhaustion in his habeas petition or the memorandum in support of his petition. (*See* ECF Nos. 3, 4). He has not alleged or demonstrated cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claims. *See Coleman*, 501 U.S. at 750. Accordingly, claims 1 and 2(a) afford no relief to Petitioner.

## 2. AEDPA Legal Standards

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). When reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

Federal habeas corpus relief for state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). The pertinent terms of the AEDPA provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.* As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. *Harrington v. Richter*, 562 U.S. 86,105 (2011). A petitioner must show that there was no reasonable basis for the state court to deny relief. *Id.*, at 98.

Under Texas law, when the Court of Criminal Appeals denies a state habeas petition, as in the present case, the "denial" means that the court rejected the merits of the claim. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim."); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means

that we declined to consider the claim for reasons unrelated to the claims merits."). Because the Court of Criminal Appeals denied Petitioner's claims on the merits, the deferential AEDPA standard of review applies to this petition.

### 3. Ineffective Assistance of Counsel

To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* The right to counsel does not require errorless counsel; instead, a criminal defendant is only entitled to reasonably effective assistance. *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or

prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

   a. <u>Failure to investigate</u>

Petitioner argues his state court trial counsel provided ineffective assistance by failing to investigate whether he would serve his state and federal sentences concurrently. (ECF No. 3 at 6). He contends that he would not have pleaded guilty had he known the sentences would not run concurrently. *Id.* at 7. The *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

Petitioner's argument relies solely on his general statements. He does not demonstrate that counsel failed to investigate the issue of whether his state and federal sentences would run concurrently. He does not point to any evidence in the record to support his contention. "[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)).

Moreover, Petitioner's trial counsel provided an affidavit in the state habeas proceedings. Counsel stated:

> Sometime after I was appointed to represent Mr. James, he was filed on in federal court and taken by the federal marshals. I monitored Mr. James' case on the PACER system, which allowed me to follow his case and see all settings. In the meantime, I passed his case in the 291st District Court. After Mr. James was tried and convicted in federal court, I obtained a copy of the judgment from

7

>the PACER system. I provided proof of Mr. James' conviction and sentence to the Assistant District Attorney's in the 291st District Court and asked that Mr. James be bench warranted back to the Dallas County Jail. The plea bargain was discussed with Mr. James. Additionally, I discussed the fact that the federal Judge had ordered as part of the judgment that Mr. James' sentence was to be served consecutive to any other sentence he received. In fact, I believe this particular language was, in bold print on the judgment. Whenever I have a client facing both federal and state charges I relate to each of them one of the first cases I handled over twenty years ago under those circumstances. First, I explain to my clients that although they may be dealing with the same set of facts, having a federal case and a state case is like having two different cases in two different states. Secondly, I explain to them that there is no way to force either the federal court or the state court to agree to run sentences concurrently if either side does not wish to do so. I did this in the case of Mr. James. Therefore, Mr. James had the option of setting his state case for trial and hoping for a positive outcome. If not, his cases would be running consecutively. Mr. James stated that he understood everything that I explained to him and voluntarily signed all plea papers and entered his plea. . . . However as I stated above, Mr. James was aware of the Judge's ruling in his federal case and we had discussed this matter thoroughly.

(ECF No. 16-2 at 72). Petitioner does not address counsel's affidavit, either in his habeas petition or in his memorandum in support of the petition (*See* ECF Nos. 3, 4). Petitioner's general claims fail to demonstrate that his attorney provided ineffective assistance by allegedly failing to investigate whether Petitioner would serve his state and federal sentences concurrently. See *Miller*, 200 F.3d at 282.

b. <u>Advising Petitioner that his state and federal sentences run concurrently</u>

Petitioner also argues counsel provided ineffective assistance by "misadvise[ing] [Petitioner] that if he pleads guilty, his 8 year state sentence will run concurrent with his federal sentence." (ECF No. 3 at 6). The sole support Petitioner provides for his claim is to point to his state court plea agreement and judgment, which provide that his sentences would run concurrently. (*See* ECF No. 3 at 6; ECF No. 4 at 2). Indeed, Petitioner is correct in that his plea agreement states, "To run CC with Federal Sentence now being served," (*see* ECF No. 16-2 at 7), and his judgment states, "8 Years Institutional Division, TDCJ - This sentence shall run concurrently." (*See* ECF No. 16-2 at 12). However, the mere language included in these documents does not demonstrate Petitioner's counsel provided ineffective assistance in advising Petitioner regarding his sentence. And Petitioner provides no further support from the record.

Conversely, Petitioner's counsel, through his affidavit to the state habeas court, stated that he discussed with Petitioner the interplay of his state and federal sentences. Counsel stated that he alerted Petitioner that the judge in his federal case had ordered that Petitioner's federal sentence was to be "served consecutive to any other sentence he received," and that "there is no way to force either the federal court or the state court to agree to run sentences concurrently if either side does not wish to do so." (ECF No. 16-2 at 72). Counsel further stated that he informed Petitioner that he "had the option of setting his state case for trial and hoping for a positive outcome. If not, his cases would be running consecutively." *Id.*

Regarding the language in the state documents that Petitioner's sentences would run concurrent, counsel stated:

> His plea papers in the state case reflected that his sentence would run concurrent with any other sentence that he was serving because the State of Texas had agreed that Mr. James' sentence could run concurrent with the federal sentence as far as they were concerned. In the event that Mr. James was transferred to a federal prison instead of a state prison even by mistake, the designation on his state plea bargain might save him from serving a consecutive sentence. However as I stated above, Mr. James was aware of the Judge's ruling in his federal case and we had discussed this matter thoroughly.

(ECF No. 16-2 at 72). Petitioner fails to show "that counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688.

Furthermore, the state habeas court made the following findings and conclusions:

> 1. This Court finds that Mr. Ashford [Petitioner's trial counsel] is a trustworthy individual and that the statements made by him are worthy of belief.
>
> 2. The Court finds that based upon a thorough review of Applicant's instant Application for Writ of Habeas Corpus, the Court records, and the affidavit submitted by Mr. Ashford, that the statements made by Mr. Ashford are true, correct, and dispositive of the allegations set out in the Applicant's writ.
>
> . . . .
>
> In his sole ground of error, Applicant claims that trial counsel was ineffective for misadvising him that his state sentence would run concurrent with his federal sentence rendering his plea involuntary.

10

1. The Court notes that a Defendant is entitled to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997).

. . . .

4. The Court notes that Applicant has not proven that his trial counsel's representation was ineffective under *Strickland*.

. . . .

7. The Court finds that Mr. Ashford's affidavit reflecting that he monitored Applicant's case on the Pacer system, reviewed the federal judgment and advised Applicant that the federal court ordered that Applicant's sentence was to be served consecutive to any other sentence is worthy of belief.

8. The Court finds that counsel's advice regarding the operation of Applicant's sentences was within the range of competence for a criminal attorney.

9. The Court notes that Applicant does not allege that he would not have accepted the plea bargain had he known he would not serve his sentences concurrently. However, Applicant states that he would have accepted a shorter sentence.

10. The Court notes that failure to make a showing of either deficient performance or prejudice defeats an ineffective assistance claim. *Andrews v. State*, 159 SW.3d 98,101 (Tex. Crim. App. 2005).

11. The Court finds that Applicant has failed to show by a preponderance of the evidence that his decision to plead guilty was a result of deficient advice given by counsel.

11

> 12. The Court also finds that the Applicant has failed to meet his burden of showing a reasonable probability that, but for counsel's erroneous advice, he would not have pleaded guilty.

(ECF No. 16-2 at 65-69). Petitioner fails to demonstrate the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). He fails to show there was no reasonable basis for the Court of Criminal Appeals to deny relief. *Richter*, 562 U.S. at 98.

### 4.   Summary

Petitioner failed to provide sufficient evidence to demonstrate that his state court trial counsel was ineffective by failing to investigate whether Petitioner's state and federal sentences would be served concurrently, or by misadvising Petitioner that the two sentences would run concurrently. Additionally, Petitioner's claims that his counsel incorrectly advised him that he would be returned to federal custody after the state proceedings, and that the State failed to explain why the judgment and plea agreement state his sentence "shall run concurrent," are unexhausted and procedurally barred. Moreover, Petitioner fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts considering the evidence presented in the state court proceeding. *Williams*, 529 U.S. at 380-84. He fails to show there was no

reasonable basis for the state court to deny relief. *Harrington v. Richter*, 562 U.S. at 98.

III.

For the foregoing reasons, the Court recommends that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed May 1, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

<b><u>INSTRUCTIONS FOR SERVICE AND<br>NOTICE OF RIGHT TO OBJECT</u></b>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).